ORIGINAL

FILED

OCT 3 1 2016

U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 16-0599
Filed: October 31, 2016

| | |
|---|---|
| *************************************** | |
| ANDRE D. LEFFEBRE, | 28 U.S.C. § 1491 (Tucker Act Jurisdiction); |
| Plaintiff, *pro se*, | 28 U.S.C. § 1915(g) (Prison Litigation Reform Act of 1996); |
| v. | 28 U.S.C § 2401 (Federal Tort Claim Act); |
| THE UNITED STATES, | 28 C.F.R. § 543.32 (Federal Bureau of Prisons Administrative Tort Claims); |
| Defendant. | Rules of the United States Court of Federal Claims ("RCFC") Rules 11(b) (Barring Frivolous Filings), 12(b)(1) (Subject Matter Jurisdiction). |
| *************************************** | |

**Andre D. Leffebre**, Atlanta, Georgia, *pro se*.

**Michael A. Rodriguez**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN**, *Judge.*

## I.    RELEVANT FACTUAL BACKGROUND.[1]

Mr. Andre Leffebre is an inmate at the United States Penitentiary in Atlanta. Compl. at 7. On May 18, 2012, federal prison employees failed to keep inmates separated; Mr. Leffebre engaged in a fight with another inmate. Compl. at 5. After the fight, Mr. Leffebre began suffering dizzy spells and migraines. Compl. at 2–3, 5. Federal prison employees did not respond to Mr. Leffebre's sick call requests and failed to document his medical condition. Compl. at 3–4. Because Mr. Leffebre believes he can no longer trust the federal prison health services, he requests the ability to purchase private health care. Compl. at 6.

---

[1] The relevant facts were derived from the May 19, 2016 Complaint ("Compl.").

7014 1200 0000 9093 9676

## II.   PROCEDURAL HISTORY.

On May 18, 2012, a Federal Bureau of Prisons Discipline Hearing Officer ("DHO") issued an incident report determining that Mr. Leffebre committed "Assaulting Any Person," and "Possession of a Dangerous Weapon." Compl. Ex. 3.

On October 28, 2013, Mr. Leffebre filed an administrative appeal of the DHO's decision. Compl. Ex. 2 at 9.   Therein, Mr. Leffebre requested "monetary damages, reinstatement into the Step-Down Program or transfer to USP Pollock, restoration of [his] good conduct time, and expungement of the incident report." Compl. Ex. 3.

On May 8, 2014, the National Inmate Appeals Administrator issued a Decision, remanding the May 18, 2012 incident report to the DHO. Compl. Ex. 3.  Mr. Leffebre was also informed by the Administrator that, if he sought monetary compensation based on the negligence of staff, he had the option of exhausting the relevant administrative procedures and then filing a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401.   Compl. Ex. 3.   Mr. Leffebre was advised, however, that no monetary damages could be awarded under the administrative remedy process he used to appeal the May 18, 2012 incident report.[2]  Compl. Ex. 3.

On May 19, 2016, Mr. Leffebre ("Plaintiff") filed a *pro se* Complaint in the United States Court of Federal Claims alleging personal injury and negligence by Federal Bureau of Prisons employees and seeking relief in the amount of $250,000 in damages.  Compl. at 1, 7.  On the same day, Plaintiff also filed a Motion For Leave To Proceed *In Forma Pauperis*.

On July 18, 2016, the Government filed a Motion To Dismiss or, in the alternative, a Motion To Stay ("Gov't Mot.").

On August 2, 2016, Plaintiff filed a Motion To Transfer this case to the United States District Court for the District of Columbia ("Pl. Reply").

On August 8, 2016, the Government filed a Response To Plaintiff's Motion To Transfer ("Gov't Resp.").

On August 23, 2016, Plaintiff filed a Reply regarding his Motion To Transfer ("Pl. Sur-Reply").

---

[2] Appeals to the National Inmate Appeals Administrator are made pursuant to the Bureau of Prisons' Administrative Remedy Program.  *See* 28 C.F.R. § 542.15 ("An inmate who is not satisfied . . . may submit an Appeal . . . . [T]o the National Inmates Appeals Administrator[.]"). The purpose of the Administrative Remedy Program "is to allow an inmate to seek formal review of any issue relating to an aspect of his confinement." 28 C.F.R. § 542.10.   A separate administrative process governs claims for money damages made by prisoners pursuant to the Federal Tort Claims Act.  *See* 28 C.F.R. § 543.30 ("Pursuant to the Federal Tort Claims Act, a claim for money damages . . . must be filed against the United States by the injured party with the appropriate Federal agency for administrative action. . . . The provisions in this subpart describe the procedures to follow when filing an administrative tort claim with the Bureau of Prisons.").

## III.    JURISDICTION.

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. § 1491 (2006). The Tucker Act authorizes the court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). The burden of establishing jurisdiction falls upon the plaintiff. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (holding that the burden is on the plaintiff to allege facts sufficient to establish jurisdiction); *see also* RCFC 12(b)(1).

## IV.    DISCUSSION

### A.    Standard For Decision On Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### B.    Standard of Review for *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). The court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke*, 60 F.3d at 799.

C.   **The Government's July 18, 2016 Motion To Dismiss Or, In The Alternative, Motion To Stay The Action Until Plaintiff Pays The Required Filing Fee.**

1.   **The Government's Argument.**

The Government argues that the May 19, 2016 Complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), because the claim alleged by the May 19, 2016 Complaint is based in tort. Gov't Mot. at 3. The Government adds that the court should not transfer this case to the United States District Court for the District of Columbia, because Plaintiff's tort claim is barred by the statute of limitations. Gov't Resp. at 1.

In addition, the Government contends that Plaintiff is not entitled to *in forma pauperis* status and should be required to pay the filing fee; if he fails to do so, the May 19, 2016 Complaint should be dismissed under the "three strikes" rule of the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915(g). Gov't Mot. at 5. The Government also cites numerous other cases dismissing prior claims filed by Plaintiff as frivolous, malicious, or for failure to state a claim. *See, e.g., Leffebre v. Lapin*, No. 08-1286 (D.D.C. July 28, 2008) (dismissing complaint for failure to state a claim); *Leffebre v. Kent*, No. 09-1328 (D.D.C. July 17, 2009) (dismissing complaint for failure to state a claim); *Leffebre v. Fed. Corp.*, No. 07-0546 (S.D. Tex. Dec. 10, 2007) (dismissing claim as frivolous); *Leffebre v. United States*, No. 14-956 (Fed. Cl. Dec. 16, 2014) (granting Government's motion to stay case pending payment of filing fee because three strikes rule applied)

2.   **Plaintiff's Response.**

Plaintiff responds that employees of the Federal Bureau of Prisons created a dangerous environment and caused his injuries by failing to separate him from fellow inmates and the medical staff did not document his medical issues. Compl. at 3–5. By the August 2, 2016 Motion, Plaintiff requests to transfer this case to the United States District Court for the District of Columbia. Pl. Reply at 2. Plaintiff also requests the assistance of counsel. Pl. Sur-Reply at 2.

D.   **The Court's Resolution.**

1.   **The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Tort Claims.**

Plaintiff's May 19, 2016 Complaint seeks "personal injury and damages committed by employees of the Government. Compl. at 1. Money damages claims arising from personal injury sound in tort. *See* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining a tort as "[a] civil wrong, other than breach of contract, for which a remedy may be obtained, usually in the form of damages"); *see also id.* (defining a personal tort as a "tort involving or consisting in an injury to one's person, reputation, or feelings").

The United States Court of Federal Claims does not have jurisdiction to adjudicate tort claims. *See* 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*." (emphasis added)); *see also Aetna Cas. & Sur. Co. v. United States*, 655 F.2d 1047, 1059 (Ct. Cl. 1981) ("Tort claims . . . are expressly beyond our Tucker Act jurisdiction.").

> ### 2.     The May 19, 2016 Complaint Should Not Be Transferred To A United States District Court, Pursuant To 28 U.S.C. § 1631.

Section 1631 of Title 28 of the United States Code provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

The United States Court of Federal Claims is authorized to transfer the May 19, 2016 Complaint, but only when the conditions of Section 1631 are met. *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed. Cir. 2005) ("[T]he trial court could have ordered transfer without being asked to do so by either party[.]"). The decision to transfer rests within the discretion of the transferor court. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010) (stating that "[the] trial court has broad discretion in transfer decisions") *see also Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816–17 (1988) (holding that a transfer order should be affirmed unless "clearly erroneous"). In order for a case to be transferred under Section 1631, the court must determine that: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time the case was filed; and (3) transfer is in the interest of justice. *See Tex. Peanut Farmers*, 409 F.3d at 1374 (holding that transfer is appropriate under Section 1631 when the court finds that there is a want of jurisdiction, the action could have timely been brought in another court, and transfer is in the interest of justice).

The first requirement of Section 1631 is met in this case, because the United States Court of Federal Claims does not have subject matter jurisdiction to adjudicate the tort claims alleged in the May 19, 2016 Complaint. Compl. at 1 (alleging "personal injury and damages committed by employees of the Government").

The second requirement of Section 1631 is not met, however, because the United States District Court for the District of Columbia did not have jurisdiction over Plaintiff's tort claims

when the May 19, 2016 Complaint was filed. An action may be filed under the FTCA only after administrative remedies are exhausted.

Section 2401(b) of the FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b); *see also* 28 U.S.C. § 2675(a) (requiring that prior to being filed in a United States District Court, an FTCA claim "shall have first [been] presented . . . to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

Plaintiff allegedly incurred injury on May 18, 2012. Compl. at 2. Accordingly, Plaintiff was first required to file an Administrative Tort Claim with the Federal Bureau of Prisons no later than May 18, 2014. *See* 28 U.S.C. § 2401(b); *see also* 28 C.F.R. § 543.32 (Bureau of Prisons regulation authorizing administrative tort claim procedures). If Plaintiff's claim was denied, then he was required to file a complaint with a United States District Court within six months. *See* 28 U.S.C. § 2401(b); *see also* 28 C.F.R. § 543.32(g) (requiring that a prisoner may request reconsideration of an administrative tort claim and may, if dissatisfied with the reconsideration, file suit in "an appropriate [United States] District Court as no further administrative action is available").

Nothing in the record indicates that Plaintiff exhausted the required administrative remedies before filing the May 19, 2016 Complaint with the United States Court of Federal Claims. In fact, the National Inmate Appeals Administrator's May 8, 2014 Decision instructed that if Plaintiff wished "to seek monetary compensation based on the negligence of staff, [he] must file [his] claim through the administrative procedures applicable to the basis of [his] claim[.]" Compl. Ex. 3. Because the May 19, 2016 Complaint does not state that Plaintiff exhausted the relevant administrative procedures within the applicable timeframe, as a matter of law his claim is barred. *See* 28 U.S.C. § 2401(b).

Assuming *arguendo* that the National Inmate Appeals Administrator's May 8, 2014 Decision satisfied 28 U.S.C. § 2401(b), Plaintiff nevertheless failed to file a complaint with a United States District Court within six months after receiving the administrative decision, *i.e.*, by November 8, 2014. Section 1631 requires that upon transfer, "the action . . . shall proceed as if it had been filed or noticed for the court to which it is transferred on the date upon which it was actually filed on or noticed for the court from which it is transferred." 28 U.S.C. § 1631. Even if Plaintiff had filed the May 19, 2016 Complaint in the correct forum—the United States District Court for the District of Columbia—his claim would be barred by the statute of limitations.

Finally, Section 1631 requires any transfer to be in the interest of justice. Section 1631 further provides that a transferred case retains its original filing date. *See* 28 U.S.C. § 1631.

Transfer is in in the interest of justice when the plaintiff has a viable interest in preserving the original filing date. *See AGP, L.P. v. United States*, 41 Fed. Cl. 607, 610 (1998) ("Because dismissal would not preserve the earlier filing date, transfer is the preferable alternative for [the] plaintiffs. . . . Transfer, rather than dismissal, would serve the interest of justice."). Transfer is futile, however, when the claim would be time barred even its original filing date. *See Cavin v. United States*, 19 Cl. Ct. 190, 197–98 (1989) ("[I]f the claim would have been time barred even if it had been brought in the proper court, then a transfer is improper, and the case should be dismissed."). In this case, Plaintiff's claim is barred regardless of whether this court dismisses the May 18, 2016 Complaint or transfers the case to the United States District Court. Accordingly, the circumstances of this case do not require transfer, and "transfer would unduly burden the judicial system[.]" *Tex. Peanut Farmers*, 409 F.3d at 1375.

### 3. The Prison Litigation Reform Act Applies To Plaintiff.

Under the PLRA, 28 U.S.C. § 1915, a federal prisoner may commence a suit in any court of the United States without prepayment of fees or security thereof, *i.e.*, a federal prisoner may file in "*in forma pauperis*." 28 U.S.C. § 1915(a). Section 1915(g) of the PLRA, however, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, the PLRA provides a "three strikes rule"; a prisoner may not proceed in *forma pauperis* if the prisoner has brought 3 or more actions dismissed either as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). As the court observed in *Leffebre v. United States*, No. 14-956 (Fed. Cl. Dec. 16, 2014), Plaintiff has filed at least thirty-four civil actions in various federal district courts, and the "three strikes rule" has been invoked to bar Plaintiff from proceeding unless he pays the filing fee. *Id.*

In any event, the court is required to dismiss an action once it is apparent that the "three strikes" rule applies and the prisoner is not in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g) ("*In no event* shall a prisoner bring a civil action . . . .") (emphasis added); *see also Johnson v. United States*, 82 Fed. Cl. 150, 154 (2008) (determining that, because Section 1915(g) applied, the plaintiff's "complaint must be dismissed"). There is nothing in the record that demonstrates that Plaintiff is in imminent danger of a serious physical injury. Therefore, in this case, even if the May 19, 2016 Complaint was not dismissed for lack of subject matter jurisdiction, Plaintiff would be barred from proceeding in *forma pauperis* by operation of the "three strikes rule." *See* 28 U.S.C. § 1915(g).

## V.    CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to dismiss the May 19, 2016 Complaint for lack of subject matter jurisdiction under RCFC 12(b)(1).

The Clerk is further directed to accept no other actions or filings by Andre David Leffebre without an order from the Chief Judge of the United States Court of Federal Claims. In seeking leave to file any actions in this court, Mr. Leffebre must explain how his complaint raises new matters properly before this court. *See* RCFC 11(b) (barring the filing of unwarranted or frivolous claims).

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**